IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN MAYNARD,

    Petitioner,

    v.                                CASE NO. 2:13-CV-1166
                                    JUDGE GEORGE C. SMITH
MICK OPPY, WARDEN,            MAGISTRATE JUDGE KING

    Respondent.

## ORDER

On February 17, 2015, the Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. *Report and Recommendation,* ECF 10. Petitioner has objected to that recommendation. *Objection* ECF 16. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection*, ECF 16, is **OVERRULED.** The *Report and Recommendation*, ECF 10, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner's request for a certificate of appealability is **DENIED.**

This case involves the 2010 murder of Daniel Davis in Franklin County, who was shot and killed during a home invasion. Petitioner challenges his convictions, following a jury trial, on charges of murder, aggravated robbery, aggravated burglary, and felonious assault with specifications. The trial court imposed a sentence of imprisonment of eighteen years to life. Petitioner alleges in this action that the evidence is constitutionally insufficient to sustain his convictions, and that he was denied a fair trial because of prosecutorial misconduct and unduly suggestive identification procedures. The Magistrate Judge recommended that Petitioner's claim of improper identification procedures and insufficiency of the evidence, except as the claims

apply to the murder conviction, be dismissed as procedurally defaulted, and that the remainder of Petitioner's claims be dismissed on the merits.

Petitioner objects to the Magistrate Judge's procedural default analysis, although he offers no basis on which to sustain his objection. Petitioner also objects to the Magistrate Judge's recommendation that his remaining claims be dismissed on the merits. In that regard, Petitioner again argues, as he did before the Magistrate Judge, that his murder conviction is the result of impermissible stacking of inference upon inference, and that the State failed to establish the essential element of intent. Petitioner also insists that the cumulative effect of improper conduct on the part of the prosecutor denied him due process.

The Court has given *de novo* review to the record. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). For the reasons detailed in the Magistrate Judge's lengthy and well-reasoned *Report and Recommendation,* this Court is not persuaded by Petitioner's arguments.

Petitioner also requests a certificate of appealability. Where a court dismisses a claim on procedural grounds, a certificate of appealability should issue only if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" to obtain the certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The Court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Where a claim has been denied on the merits, a certificate of appealability should issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. at 484. In order to make a substantial showing of the denial of a constitutional right, the petitioner must show "that reasonable jurists could debate whether. . . the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " *Id*. (citing *Barefoot,* 463 U.S . at 893, and n. 4).

Petitioner has failed to meet these standards and the Court therefore declines to issue a certificate of appealability.

Petitioner's *Objection*, ECF 16, is **OVERRULED.**  The *Report and Recommendation*, ECF 10, is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT.**

Petitioner's request for a certificate of appealability is **DENIED.**

        */s/ George C. Smith*
        **GEORGE C. SMITH, JUDGE**
        **UNITED STATES DISTRICT COURT**